UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEFFREY JEFFERS *also known as* MARC CLARK,   14 CV 2925 (JG) (LB)

                       Plaintiff,

                                                                   SECONDED
-against-                                         AMENDED
                                                                   COMPLAINT

CITY OF NEW YORK, SGT. HOEY, P.O. TIZZIO,
P.O. JAIME RAMIREZ *Shield #1688*, P.O. RANDEL    JURY TRIAL
*Shield #11570*, P.O. FORSTE *Shield #24220*, and P.O.   Pursuant to FRCP 38(b)
WAAGE *Shield #22755*, *in their official and Individual
capacities*,

                       Defendants.

------------------------------------------------------------------------X

    Plaintiff, JEFFREY JEFFERS, by and through his attorney, PAMELA S. ROTH, as and for his Amended Complaint, respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff JEFFREY JEFFERS brings this action to seek relief for defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including the Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney fees and such other and further relief this Court deems just and proper.

## JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is

conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4. Venue in this District is proper pursuant to 28 U.S.C. §1391(a), (b) and (c) in that Defendant CITY OF NEW YORK is administratively located within the Eastern District of New York, and the event giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

5. Plaintiff demands a trial by jury on each and every one of his claims.

## PARTIES

6. At all times relevant to this action Plaintiff, JEFFREY JEFFERS was a resident of Kings County, New York, and he has been a resident of the United States of America.

7. Defendant CITY OF NEW YORK, is and was at all times relevant to this action, a municipal corporation created and authorized under the laws of the State of New York.

8. Defendant, CITY OF NEW YORK is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

9. Defendant, CITY OF NEW YORK, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10. Defendant, CITY OF NEW YORK, was at all times relevant to this case the public employer of defendants SGT. HOEY, P.O. TIZZIO, P.O. RAMIREZ, P.O. RANDEL, P.O. FORSTE, and P.O. WAAGE.

11. Defendants SGT. HOEY, P.O. TIZZIO, P.O. RAMIREZ, P.O. RANDEL, P.O. FORSTE, and P.O. WAAGE are and were at all times relevant to this case duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of defendant CITY OF NEW YORK.

12. Defendants SGT. HOEY, P.O. TIZZIO, P.O. RAMIREZ, P.O. RANDEL, P.O. FORSTE, and P.O. WAAGE are and were at all times relevant to this action herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant, CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

13. On March 27, 2014, at approximately 8:00 P.M., Defendants SGT. HOEY, P.O. TIZZIO, P.O. RAMIREZ, P.O. RANDEL, P.O. FORSTE, and P.O. WAAGE, were on duty and assigned to the 73rd Precinct and serving under Tax Registry No. unknown at this time.

14. At all times relevant, Defendants, SGT. HOEY, P.O. TIZZIO, P.O. RAMIREZ, P.O. RANDEL, P.O. FORSTE, and P.O. WAAGE, were all duly appointed and acting police officers of the New York City Police Department assigned to the 73rd Police Precinct located in County of Kings, the City and State of New York.

15. On March 27, 2014, Defendant SGT. HOEY, was on duty and assigned to the 73rd Precinct and serving under Tax Registry No. unknown at this time.

16. On March 27, 2014, Defendant P.O. TIZZIO, was on duty and assigned to the 73rd Precinct and serving under Tax Registry No. unknown at this time.

17. On March 27, 2014, Defendant P.O. RAMIREZ, was on duty and assigned to the 73rd Precinct and serving under Tax Registry No. unknown at this time.

18. On March 27, 2014, Defendant P.O. RANDEL, was on duty and assigned to the 73rd Precinct and serving under Tax Registry No. unknown at this time.

19. On March 27, 2014, Defendant P.O. FORSTE, was on duty and assigned to the 73rd Precinct and serving under Tax Registry No. unknown at this time.

20. On March 27, 2014, Defendant P.O. WAAGE, was on duty and assigned to the 73rd Precinct and serving under Tax Registry No. unknown at this time.

21. At all relevant times, the individual defendants were acting pursuant to their authority as New York City Police Department employees. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of the New York City Police Department.

22. At all relevant times, the individual defendants were agents, servants and employees acting within the scope of their employment.

23. Alternatively, the individual defendants were, at all relevant times, acting outside the scope of their employment.

## STATEMENT OF FACTS

24. On March 27, 2014 at approximately 8:00 PM, Plaintiff was arrested and charged with Petit Larceny and Assault.

25. At the aforesaid time, Plaintiff was handcuffed and being escorted in to the 73rd Police Precinct, and thereafter Plaintiff was assaulted and battered by white male defendants Police Officers Defendants P.O. WAAGE and P.O. RANDEL, when they punched Plaintiff in the face and mouth, causing injuries to Plaintiff's face and mouth, including loosening his front tooth. Defendant P.O. RAMIREZ then forcibly tightened and twisted the handcuffs on Plaintiff's wrists causing him to suffer further pain and cutting into his wrists. Thereafter, Defendants P.O. RAMIREZ, P.O. RANDEL, P.O. FORSTE, and P.O. WAAGE continued to push Plaintiff against the wall. Defendants P.O. TIZZIO, P.O. FORSTE, and P.O. WAAGE manhandled Plaintiff during the search of his person, when Defendant P.O. FORSTE touched Plaintiff's private parts, testicles and penis. Plaintiff was again punched in the face by P.O. WAAGE as defendants FORSTE and RAMIREZ held Plaintiff. Defendant SGT. HOEY stood by, smiled and commended Defendants for their behavior and told them "Good job!" Defendant P.O. WAAGE repeatedly told Plaintiff "to shut up" and that "his arms would not break" as Plaintiff complained of the pain and tightness of the handcuffs on his wrists. While Plaintiff was placed on the bullpen, fellow inmates heard Plaintiff screaming in pain. Plaintiff's arms were cuffed and forced in the air in an upright position to cause him extreme pain. Plaintiff was screaming in pain and begging for the handcuffs to be

loosened on his wrists, the defendants continued to twist his arms upward causing him pain and necessitating emergency room medical attention. Plaintiff remained in the holding cell for approximately 1 ½ to 2 hours before he was transported to the hospital. Plaintiff was in the holding cell and succumbed to a beating over period of 8 to 9 minutes where the defendant slammed him repeatedly against the wall in the bullpen area of the 73rd Police Precinct.

26. Thereafter Plaintiff was transported by Defendants P.O. TIZZIO, P.O. FORSTE and P.O. RANDEL, to Interfaith Hospital for his injuries to his mouth, neck, back, arms and shoulders.

27. Plaintiff was treated in the emergency room and administered pain medication by injection, but there were no x-rays ken despite Plaintiff's complaints of pain, he was discharged from the hospital and released to the Defendants and transported back to the 73rd Police Precinct.

28. Plaintiff continued to complain of severe pain and requested that he be taken again to the hospital the next day before going to Central Booking. Defendants P.O. TIZZIO P.O. FORSTE and P.O. RANDEL, transported Plaintiff to Brookdale Hospital on March 29, 2014. Following a further examination by the emergency room doctor and testing, the ER Doctor discharged Plaintiff.

29. Plaintiff informed the ER Doctor and Defendants P.O. TIZZIO, P.O. FORSTE and P.O. RANDEL that he needed to use the restroom and they refused to assist and permit him to the bathroom. Plaintiff said "I'm having chest pains" and fell to the floor. Defendants P.O. TIZZIO and P.O. RANDEL told Plaintiff that he was faking. Defendant P.O. RANDEL and two hospital orderlies grabbed Plaintiff and the ER Doctor

stated that Plaintiff was discharged from the hospital. Plaintiff slipped off the gurney and lay on the floor. Defendants P.O. TIZZIO, P.O. FORSTE and P.O. RANDEL and the 2 orderlies grabbed Plaintiff by his legs, picked him up and forcibly threw him into the wheelchair and pushed him out of the hospital. Defendants used excessive force to handcuff Plaintiff while he was in the wheelchair.

30. On March 29, 2014, Plaintiff was at the 73rd Police Precinct when he continued to complain of pain to his back to Defendants P.O. RAMIREZ and P.O. RANDEL and requested that they allow the pain to subside before they transport him to Central Booking.

31. Defendants P.O. RAMIREZ and P.O. RANDEL then placed Plaintiff in a chokehold and body slammed him into the holding cell wall and handcuffed Plaintiff extremely tight to where the circulation to his hands was cut off. Defendant P.O. RANDEL then stated "Fuck you! Sue me!" Defendant SGT. HOEY witnessed the unprovoked attack and did not intervene to prevent it nor stop it. He stood idly by, smiling, and told defendants P.O. RAMIREZ and P.O. RANDEL "Good job!"

32. Defendants P.O. RAMIREZ and P.O. RANDEL then transported to Central Booking at Brooklyn Criminal Court located at 120 Schermerhorn Street, Brooklyn, New York.

33. Plaintiff suffered from and continues to suffer from medical condition that include but are not limited to a heart condition, diabetes and asthma.

34. As a direct and proximate result of defendants' actions, plaintiff, JEFFREY JEFFERS *also known as* MARC CLARK, sustained, *inter alia*, physical injury, including contusions and abrasions to face and body, a loosened and missing front tooth,

emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City and the State of New York.

## FEDERAL CLAIMS

### AS A FIRST CAUSE OF ACTION FOR RELIEF
(Deprivation of Rights Under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State Law.

37. All of the aforementioned acts deprived Plaintiff of the right, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or

rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the aforementioned conduct of defendants, Plaintiff was injured.

**AS A SECOND CAUSE OF ACTION FOR RELIEF**
(Failure to Intervene Under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

44. The defendants failed to intervene to prevent the unlawful conduct described herein.

45. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was assaulted and battered, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**AS A THIRD CAUSE OF ACTION FOR RELIEF**
(Excessive Force Under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The defendants unlawfully used excessive force against the Plaintiff without justification.

48. As a result of the foregoing, Plaintiff was deprived of his Fourth and Fourteenth Amendment rights.

49. The above acts were willful, outrageous, and without reasonable or probable cause, or justification.

50. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

51. As a result of Defendants' acts, Plaintiff was damaged in an amount that exceeds the jurisdictional amounts of all lower courts that would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiff JEFFREY JEFFERS demands judgment and prays for the following relief, jointly and severally, against the defendants:

1. Awarding JEFFREY JEFFERS full and fair compensatory damages in an amount to be determined by a jury;

2. Awarding JEFFREY JEFFERS punitive damages in an amount to be determined by a jury;

3. Awarding reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the costs and disbursements of this action; and

4. Granting such other and further relief as to this Court deems just and proper.

Dated:      Brooklyn, New York
            February 24, 2016

                                                        _____
                                                        PAMELA S. ROTH (PR7124)

Attorney for Plaintiff  
9118 Fifth Avenue  
Brooklyn, New York 11209  
(718) 836-9118

TO:

DANIEL H. OLINER, ESQ.
Assistant Corporation Counsel
Special Federal Litigation Unit
Attorneys for Defendants
CITY OF NEW YORK et al.
The City of New York Law Department
Zachary W. Carter
Office of the Corporation Counsel
100 Church Street, Room 3-209
New York, New York 10007
Phone: (212) 356-2329
Fax: (212) 356-3509
Email: doliner@law.nyc.gov